# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-0062
_____

CALEB WALKER,

    Appellant,

    v.

CAPE FOOD PROPERTIES, LLC,
CAPE SAN BLAS BED AND
BREAKFAST, L.L.C., DAWGPOUND
INVESTMENTS, LLC, WRIGHT
RESIDENTIAL, LLC, RONALD E.
MARTIN, TERRI B. MARTIN,
KEITH GODIN, STEPHANIE
GODIN, ALEXANDER W. OEHRING,
MIKAYLA B. OEHRING, ISOBEL
JOLIE COOPER, LAURA L. REID,
PHILLIP D. WILLIAMS, TAMMY R.
WILLIAMS, ARTHUR A. MCLEAN,
and PHYLLIS S. MCLEAN,

    Appellees.

_____

On appeal from the Circuit Court for Gulf County.
Devin D. Collier, Judge.

July 31, 2024

PER CURIAM.

Caleb Walker appeals the trial court's order granting temporary injunctive relief in favor of Cape Food Properties, LLC,

Clay Aldridge, and Wanda Aldridge, prohibiting him from obstructing their use of a disputed easement on his beachfront property. Appellant raises several challenges to the order, only one of which has merit.

A temporary injunction is an extraordinary remedy that should be granted sparingly and only if the movant proves with competent, substantial evidence (1) a substantial likelihood of success on the merits, (2) a lack of an adequate remedy at law, (3) the likelihood of irreparable harm absent an injunction, and (4) that injunctive relief will serve the public interest. *State, Dep't of Health v. Bayfront HMA Med. Ctr., LLC*, 236 So. 3d 466, 472 (Fla. 1st DCA 2018). "Clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction." *Id.* (internal citation omitted); *see also Lusby v. Canevari*, 363 So. 3d 233, 235 (Fla. 6th DCA 2023) (reversing the injunction order because of the trial court's failure to address one of the four elements, even though the appellee persuasively argued that sufficient evidence was presented at the hearing to establish it).

We agree with Appellant's argument that the trial court erred in failing to address the irreparable harm element in its injunction order, where it made no findings of fact relating to this element and omitted mention of it in its analysis. Accordingly, we reverse the injunction order and remand with instructions for the trial court to render an order containing sufficient findings on the element of irreparable harm to support a temporary injunction. If the trial court is unable to provide sufficient factual findings to support the irreparable harm element, then it must enter an order denying the motion for temporary injunction.

REVERSED and REMANDED with instructions.

LEWIS, M.K. THOMAS, and NORDBY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Adrian J. Alvarez and Sacha A. Boegem of Tobin, Reyes, Alvarez & De Biase, PLLC, Boca Raton, for Appellant.

Julia Maddalena of Hand Arendall Harrison Sale LLC, Panama City Beach, for Appellees.